UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YORBELYS LARA HERNANDEZ,

Petitioner,

v. Case No.: 2:26-cv-02055-SPC-NPM

D.H.S. *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Yorbelys Lara Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9).

Lara Hernandez is a native of Cuba who was paroled into the United States on June 6, 1980, and later became a lawful permanent resident. After multiple felony convictions, an immigration judge ordered him removed to Cuba on February 25, 2008. Immigration and Customs Enforcement could not execute the removal order, so it released Lara Hernandez on an order of supervision. On December 7, 2025, local law enforcement arrested Lara Hernandez for possession of drug paraphernalia, harassing communication, and probation violation, and ICE issued an immigration detainer. On February 20, 2026, ICE took custody of Lara Hernandez and revoked his release under 8 C.F.R. § 241.13(i) because he violated a condition of the order of supervision by committing multiple crimes. ICE conducted an informal

interview and took Lara Hernandez into custody that day. Lara Hernandez argues his detention is unlawful because his removal is not likely in the reasonably foreseeable future. Lara Hernandez made essentially the same argument in a prior habeas petition, which the Court denied. *See Lara Hernandez v. Warden*, M.D. Fla. Case No. 2:26-cv-01744-SPC-KRH.

Lara Hernandez's detention remains lawful. 8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release. Lara Hernandez does not dispute that his recent arrest was a violation of a condition of his order of supervision. ICE complied with § 241.13(i) by providing Lara Hernandez written notice of the reason for revocation and an opportunity to address it reasons in an informal interview. Lara Hernandez "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released." 8 C.F.R. § 241.13(i)(1). After that six-month period, Lara Hernandez may request review of his detention by the HQPDU. *See* 8 C.F.R. § 241.13(j). If the government does not review Lara Hernandez's petition as provided in the regulations, he may file a new habeas petition.

It appears ICE has thus far complied with the applicable regulation and afforded Lara Hernandez the process he is due. Lara Hernandez does not claim otherwise. His detention is lawful. *See Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("we nowhere deny the right of Congress to remove aliens, to subject

them to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

Accordingly, it is hereby

**ORDERED:**

Yorbelys Lara Hernandez Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record